(85 South. 383)
### WASHINGTON v. WALDROP, Clerk.
### (6 Div. 6, 7.)

(Supreme Court of Alabama. Feb. 12, 1920.)

**Mandamus ⚖154(2)—Showing as to venue held insufficient predicate for writ.**

On petition in Supreme Court for mandamus to compel judge of circuit court to rescind order annuling order transferring a cause, and on appeal from denial of petition for mandamus to compel clerk of court to transfer cause, showing whether petitioner's cause of action in the case sought to be transferred arose in the precincts in Jefferson county in which the court in Bessemer, to which the case was sought to be transferred, had jurisdiction, and whether his action was brought before or after the passage of Loc. Acts 1919, p. 62 et seq., *held* insufficient on which to predicate judgment.

Appeal from Circuit Court, Jefferson County; Dan A. Greene, Judge.

Petition for mandamus by Isaiah Washington, as administrator, to compel William J. Waldrop, Clerk of the Circuit Court of Jefferson County, to transfer a cause, wherein petitioner was plaintiff, to the Bessemer division. From an order denying the petition, petitioner appeals, filing an original petition for mandamus to Judge Dan A. Greene to compel him to rescind an order annulling a former order transferring the cause. Writ denied.

W. A. Denson, of Birmingham, for appellant.

It is not for the clerk to determine the legality of the order of the judge, nor is it competent for one judge to set aside and annul the order of another judge, properly sitting in the case, some time after the order has been entered. Gen. Acts 1915, p. 810, § 3.

J. Q. Smith, for respondent.

No brief came to the reporter.

---

SAYRE, J. It is made to appear that the case of Isaiah Washington, as administrator of the estate of Emma Washington, deceased, versus Birmingham Southern Railroad Company, a corporation, was pending on the docket of the circuit court of Jefferson county (Tenth circuit) held at Birmingham, the county seat, on November 5, 1919, when Hon. Lum Duke, one of the judges of the Fifth circuit, then by order of the Chief Justice of this court presiding in the circuit court at Birmingham, made an order transferring the said cause to the Bessemer division of said court, which sits at Bessemer, in said county. An application by Washington to the presiding judge of the Tenth circuit for a writ of mandamus to compel appellee, clerk of the circuit court at Birmingham, to transfer the cause to the circuit court at Bessemer, was denied, after which Washington prosecuted this appeal, and at the same time petitioned this court for a writ of mandamus to the clerk.

It is further made to appear that the defendant clerk, in refusing to transfer the cause to Bessemer, is acting under the direction of the presiding judge of the Tenth judicial circuit, and that said judge has vacated the order of Judge Duke on the ground that such order was without authority of law. The formal entry of the order made by the presiding judge was not noted upon the docket nor entered upon the minutes of the court at Birmingham, until after appellant had taken his appeal and applied to this court for a writ of mandamus; but, in our view of the case, this is of no consequence.

It is to be inferred that the parties and the trial judges have acted upon the assumption that the venue of appellant's action against the railroad company was affected by the second section of the act of August 18, 1919, "To better provide for holding the circuit court of the Tenth judicial circuit at Bessemer in and for" certain enumerated precincts of the county of Jefferson (Local Acts 1919, p. 62 et seq.), or by the act of February 28, 1901, "To establish the city court of Bessemer" (Local Acts 1900–01, p. 1854 et seq.), both of which provided for the trial of causes arising in the said precincts, for otherwise it is not perceived how this controversy as to venue could have arisen; but the record does not afford information sufficient for the determination of the question. We are unable to say whether appellant's cause of action against the railroad company arose in the precincts in Jefferson county in which the court at Bessemer had jurisdiction, nor whether his action was brought before or after the passage of the act of August 18, 1919. If we might assume that appellant's cause of action arose within the territory of the enumerated precincts, and that the action was, at the passage of the act of 1919, pending in the court at Birmingham, to which it might have been brought, at plaintiff's option, it would seem that the order for the transfer was without the power of the court at the time it was made, for the reason that the act of 1919 makes no provision for a transfer, nor did the fact that more than 30 days had elapsed deprive the presiding judge of the Tenth circuit of the power to set aside the previous order, for that order was, on the hypothesis stated, a nullity, and might be so declared at any time. However, for the reason indicated above, that is, for the reason that the record states no sufficient facts upon which to predicate a judgment, the application for mandamus is denied.

Mandamus denied.

ANDERSON, C. J., and GARDNER and BROWN, JJ., concur.